# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JERRELL ARMONT,

    Plaintiff,

v.                                                                                                         Case No. 3:19-cv-334-MMH-MCR

K12 (FLORIDA CYBER CHARTER
ACADEMY–FLCCA),

    Defendant.

_____

# **O R D E R**

**THIS CAUSE** is before the Court on the Plaintiff's Amended Motion to Vacate Arbitration Award and Set Case for Judicial Review (Doc. 54; Motion) filed on February 18, 2022. Defendant has filed a response. See Defendant's Response in Opposition to Plaintiff's Amended Motion to Vacate Arbitration Award and Set Case for Judicial Review and to Plaintiff's Motion for Oral Argument (Doc. 57; Response), filed March 17, 2022.[1] Accordingly, this matter is ripe for review.

---

[1] Defendant requested and received an extension of time up to and including March 18, 2022, in which to respond to the Motion. See Endorsed Order (Doc. 56), entered February 28, 2022; see also Defendant's Unopposed Motion for Extension of Time to Respond to Plaintiff's Amended Motion to Vacate Arbitration Award and Set Case for Judicial Review (Doc. 55; Motion for Extension). Specifically, Defendant sought an extension because Defendant's Counsel "underwent an emergency surgical procedure" and "was in recovery." See Defendant's Response in Opposition to Plaintiff's Motion for Default Judgment for Respondent's Failure to Respond to Plaintiff's Motion to Vacate Arbitration Award (Doc. 60) at 3. Due to a miscommunication between the parties, Defendant mistakenly characterized

## I. Standard of Review

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., establishes "'a federal policy favoring arbitration.'" Shearson/Am. Express Co. v. McMahon, 482 U.S. 220, 226 (1987) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). If the FAA is applicable, federal laws govern the enforcement of, and challenges to, an arbitration award, even in diversity cases. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 401–05 (1967). As such, the effect of the FAA is to create a body of substantive federal law on arbitration governing any agreement that is within the FAA's coverage. Moses H. Cone Mem'l Hosp., 460 U.S. at 24.

The Eleventh Circuit Court of Appeals recently observed "[i]f there is one bedrock rule in the law of arbitration, it is that a federal court can vacate an arbitral award only in exceptional circumstances." Grupo Unidos por el Canal, S.A. v. Autoridad del Canal de Panama, 78 F.4th 1252, 1261 (11th Cir. 2023).

---

its Motion for Extension as unopposed, and the Court granted it before Plaintiff could respond in opposition. Plaintiff argues that the Court should strike the Response because she had no opportunity to object to the requested extension. See Plaintiff's Motion to Strike Defendants' Response in Opposition to Plaintiff's Amended Motion to Vacate Arbitration Award and Set Case for Judicial Review and to Plaintiff's Motion for Oral Argument from Record (Doc. 59; Motion to Strike), filed April 1, 2022. Plaintiff's cited authorities do not support the relief she requests, and the Motion to Strike fails to comply with the conferral requirements of Local Rule 3.01(g), Local Rules of the Middle District of Florida (Local Rule(s)). Moreover, Plaintiff fails to show that she was prejudiced by her inability to "respond or object" to the request for an extension of time. Regardless, the Court has the discretion to grant extensions "for good cause" without notice to the parties. See Rule 6(b), Federal Rules of Civil Procedure (Rule(s)) (permitting courts to grant such extensions "with or without motion or notice"). And Defense Counsel's emergency surgery certainly constituted good cause for the extension. The Motion to Strike is due to be denied.

Indeed, because arbitration is intended to be an alternative to litigation, judicial review of an arbitral award "is 'among the narrowest known to the law.'" AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 508 F.3d 995, 1001 (11th Cir. 2007) (quoting Del Casal v. E. Airlines, Inc., 634 F.2d 295, 298 (5th Cir. Unit B Jan. 1981)). Nevertheless, an award may be vacated on the basis of one of the statutory grounds set forth in the FAA. Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1289 (11th Cir. 2002). Pursuant to § 10 of the FAA, a court may vacate an award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); see also Riccard, 307 F.3d at 1289; Cat Charter, LLC v. Schurtenberger, 646 F.3d 836, 839, 842–43 & n.10 (11th Cir. 2011). "Because

these Sections are the exclusive means for upsetting an arbitration award, [an arbitrator's] incorrect legal conclusion is not grounds for vacating or modifying the award." White Springs Agric. Chems., Inc. v. Glawson Invs. Corp., 660 F.3d 1277, 1280 (11th Cir. 2011). Indeed, "courts are generally prohibited from vacating an arbitration award on the basis of errors of law or interpretation." Scott v. Prudential Secs., Inc., 141 F.3d 1007, 1014 (11th Cir. 1998) (quoting O.R. Sec., Inc. v. Prof'l Planning Assoc., Inc., 857 F.2d 742, 746 (11th Cir. 1988)) (internal quotation omitted), abrogated in part on other grounds by Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576 (2008).

## II.    Background

Plaintiff, proceeding pro se, initiated this action on March 22, 2019, by filing her Complaint for Employment Discrimination (Doc. 1; Complaint). In the Complaint, she asserted that Defendant, her former employer, had discriminated against her in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. See id. at 3.[2] Defendant moved to compel arbitration based on its employment agreement with Plaintiff. See Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. 6; Motion to Compel Arbitration) at 4–5. On December 26,

---

[2] For ease of reference, the Court's citations to page numbers in documents in this record refer to the CM-ECF-stamped page numbers located at the top of each page, rather than a document's internal page numbers, if any.

2019, the Honorable Monte C. Richardson, United States Magistrate Judge, recommended that the Court grant the Motion to Compel Arbitration and administratively close the case until the parties completed the required arbitration. See Report and Recommendation (Doc. 30; Report) at 27. Neither party objected to the Report, and the Court adopted it on January 23, 2020. See Order (Doc. 31; Order Compelling Arbitration) at 1. On January 31, 2022, the parties filed a status report in which they advised the Court that the arbitration had concluded.³ See Joint Status Report Regarding Conclusion of Arbitration (Doc. 50; Status Report) at 1. Plaintiff, still proceeding pro se,⁴ timely filed the instant Motion in which she requests that the Court vacate the arbitrator's award.⁵

---

³ The parties did not provide the exact date on which the arbitrator entered the award, nor do they attach the award to any of their filings. However, Defendant represents that the arbitrator "requested that the parties submit proposed awards by January 7, 2022," and that Plaintiff "requested and received an extension of time from the Arbitrator to submit her proposed award." See Response at 6. Accordingly, it appears that the arbitrator entered the award at some point between January 7 and January 31, 2022.

⁴ Plaintiff was represented by counsel during a portion of the arbitration proceedings, but her counsel withdrew before the arbitrator closed the evidence in the proceeding. See Motion to Strike at 6.

⁵ Plaintiff first sought this relief on January 31, 2022, by filing Plaintiff's Motion for Judicial Review (Doc. 51). The Court struck that document for failing to include a memorandum of law and a certification that Plaintiff had conferred with opposing counsel as required by the Local Rules. See generally Order (Doc. 52), entered February 3, 2022. In doing so, the Court permitted Plaintiff to file an amended motion on or before February 17, 2022. See id. at 3. On that date, Plaintiff inadvertently filed a version of the Motion which was "not the most up to date or printed in the correct format." See Motion at 1. As such, on February 18, 2022, Plaintiff filed the Motion—which is nearly identical in substance—to correct the error. See id. Although February 18 was one day after the Court's deadline, Defendant does not argue that Plaintiff's Motion should be denied as untimely, and the Court will accept it as timely filed for purposes of the Court's previous Order. Because the arbitrator did not enter the award until some point after January 7, 2022, as discussed above,

### III. Discussion

Here, although Plaintiff cites 9 U.S.C. § 10(a)(2)–(4) in her Motion, see Motion at 2, she raises only one argument in support of her request to vacate the arbitration award in this case. See id. Specifically, she contends that the arbitrator showed evident partiality.[6] The Court will address that argument and, in an abundance of caution in light of Plaintiff's pro se status,[7] will consider whether subsections 10(a)(3) or (4) provide any basis for the relief she seeks.

Plaintiff argues that the arbitrator "showed evident partiality to the Respondent by closing the arbitration proceeding without inquiring if either party had any further proof or witnesses to be heard as identified." See id. at 2. She asserts that this prejudiced her rights because the arbitrator did not hear from two witnesses, Marcus Moore and Alina Moroz, who were "significant to the case because Marcus Moore is the accused discriminator and Alina Moroz has submitted statements which support differential treatment" and "encouraged the Plaintiff to file a complaint." See id. at 4–5. In support,

---

the Motion also appears to be timely for purposes of the FAA. See 9 U.S.C. § 12 (requiring a party who seeks to vacate an arbitration award to serve notice on the adverse party "within three months after the award is filed or delivered").

[6] In her Motion, Plaintiff asserts that her rights were violated "under 9 U.S.C. § 10(a)(2), (3), (4)," and not § 10(a)(1). Even construing Plaintiff's pro se Motion liberally, the Motion cannot be read to suggest that the "legal oversights" about which Plaintiff complains, see Motion at 5, amounted to "corruption, fraud, or undue means." See 9 U.S.C. § 10(a)(1). Accordingly, the Court does not address this provision.

[7] See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (stating that "[a] document filed pro se is to be liberally construed" (internal quotation omitted)).

Plaintiff argues that the arbitrator's premature closure of the proceeding violated American Arbitration Association ("AAA") Rule 33.[8] See id. at 2. Plaintiff also contends that she was not notified that these witnesses would be cancelled, was led to believe they would appear at a later date, and was denied the right to object to the witnesses being dismissed. See id. at 5. Because of the arbitrator's "apparent legal oversights," Plaintiff seeks judicial review and vacatur of the arbitration award. See id. at 5.

Plaintiff's contention that the arbitrator "showed evident partiality" is based on her belief that he failed to properly comply with the arbitration rules as Plaintiff understands them. See id. at 2. This is insufficient to warrant the relief she seeks. "[A]n arbitration award may be vacated due to the 'evident partiality' of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists." See Gianelli Money Purchase Plan & Trust v. ADM Inv. Servs., 146 F.3d 1309, 1312 (11th Cir. 1998) (quoting Lifecare Intern., Inc. v. CD Med., Inc., 68 F.3d 429, 433 (11th Cir. 1995)). Plaintiff identifies no actual conflict of interest which biased the arbitrator against her in this case. She identifies no information which the

---

[8] Defendant contends that "[t]hroughout the Hearing, the Arbitrator asked Plaintiff, through her counsel, whether she had any additional witnesses to call." Response at 8. Notably, neither party provides evidence for its position on this issue. As such, the Court will assume arguendo that the arbitrator failed to comply with AAA Rule 33.

arbitrator failed to disclose which would lead a reasonable person to believe that a potential conflict exists. And she points to no facts even suggesting the existence of such a conflict or such information. Notably, even assuming that the arbitrator failed to comply with the AAA Rules, this error—standing alone—would not lead a reasonable person to believe that he had a potential conflict of interest. See Lifecare Intern., Inc., 68 F.3d at 435 (declining to conclude that an arbitrator's "violation of Canon II of the [AAA's] Code of Ethics" was sufficient to create "a reasonable impression of bias or partiality"); see also Fowler v. Ritz-Carlton Hotel Co., LLC, 579 F. App'x 693, 697 (11th Cir. 2014) (rejecting arguments which "essentially ask[ed the court] to infer partiality because the [p]laintiffs disagree with the arbitrator's judgment" since "'the mere appearance of bias or partiality is not enough to set aside an arbitration award'" (quoting Lifecare Intern., Inc., 68 F.3d at 433)). [9] Accordingly, Plaintiff's contention that the arbitration award should be vacated because the arbitrator showed evident partiality is unavailing.

To the extent Plaintiff believes that the arbitrator is "guilty of misconduct" for "refusing to hear evidence pertinent and material to the controversy," see 9 U.S.C. § 10(a)(3), her argument is equally unpersuasive. As

---

[9] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

noted above, Plaintiff asserts that the testimony of Marcus Moore and Alina Moroz was "significant to the case" because Moore was the "accused discriminator" and Moroz previously made statements which supported Plaintiff's position. See Motion at 4. But while these individuals may have played significant roles in Plaintiff's factual allegations, Plaintiff does not explain why their testimony was essential to her case. A "'federal court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights of the parties to the arbitration proceedings.'" See Rosensweig v. Morgan Stanley & Co., Inc., 494 F.3d 1328, 1333–34 (11th Cir. 2007) (quoting Hoteles Condado Beach, La Concha & Convention Ctr. v. Union De Tronquistas Local 901, 763 F.2d 34, 40 (1st Cir. 1985)) (even where the arbitration panel "did not explain its reasons" for limiting testimony, determining that "the arbitrators committed no misconduct" because "they had several reasonable bases for limiting evidence . . . , none of which prejudiced" the defendant). As the party seeking to vacate the award, Plaintiff bears the burden of establishing the existence of the basis for vacatur. Riccard, 307 F.3d at 1289. But she provides no factual basis for the Court to conclude that the missing evidence was, in fact, pertinent and material or that she was prejudiced by the arbitrator's decision. The Court can only speculate whether either of these witnesses might have provided non-cumulative testimony, or whether that testimony would have helped Plaintiff.

Moreover, one of Plaintiff's own exhibits undermines her assertion that the testimony was "key to [her] case." See Motion at 3; Plaintiff's Exhibit A (Doc. 54-1) at 2 (reflecting Plaintiff's email correspondence to the arbitrator in which Plaintiff states that even without the "testimony of [Moore and Moroz], the evidence is already exists [sic] in the Exhibits" to support an award in Plaintiff's favor). [10]  Accordingly, Plaintiff fails to establish that 9 U.S.C. § 10(a)(3) warrants review of the arbitral award.

Finally, the Court considers whether the arbitrator "exceeded [his] powers" under 9 U.S.C. § 10(a)(4). Assuming arguendo that the arbitrator violated a rule or law when he closed the evidence without affording Plaintiff the opportunity to call Moore and Moroz as belated witnesses or object to their withdrawal,[11] it does not automatically follow that he exceeded his powers such

---

[10] Defendant represents that "[d]uring the Hearing, Lorraine Medeiros, Human Resources Business Partner," testified "about her detailed interview notes when she interviewed [Alina] Moroz," and that these notes "were included in the record for the Arbitrator's consideration." See Response at 4. And as an attachment to her Motion, Plaintiff includes a document titled "Notes with Alina Moroz - 1/9/18 at ~10:00am." See Plaintiff's Exhibit C (Doc. 54-3) at 2. While Plaintiff does not discuss the contents of this document or explain its role in the arbitration proceedings, it appears to be Medeiros' interview notes which Defendant asserts were admitted into evidence. See id. at 2; Response at 4. At the very least, this document is consistent with Defendant's representation that Moroz' testimony would have been cumulative given what was already in evidence at the arbitration.

[11] Plaintiff asserts that she was "denied the right to object to scheduled agreed upon witnesses being dismissed." See Motion at 5. However, she does not provide a legal basis for any ostensible right to prevent Defendant from withdrawing its own witnesses. As Defendant explains in its Response, Plaintiff never included these witnesses on her own witness list. See Response at 9; see also Plaintiff's Disclosure of Witnesses (Doc. 57-1). Plaintiff acknowledges this in her Motion to Strike, asserting that she "did not add these witnesses [to her witness list] as they were already identified as witnesses in the case." See Motion to Strike at 6. But for the reasons that follow, the legal correctness of the arbitrator's

that the Court could vacate the arbitration award. The Eleventh Circuit has explained that "[a]rbitrators do not exceed their powers when they make errors, even 'a serious error.'" See Gherardi v. Citigroup. Global Markets Inc., 975 F.3d 1232, 1238 (11th Cir. 2020) (quoting Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010)). Instead, the § 10(a)(4) inquiry "is quasi-jurisdictional: a check to make sure that the arbitration agreement granted the arbitrator authority to reach the issues it resolved." See id. Accordingly, the arbitrator's award "can be challenged [under § 10(a)(4)] 'not on the ground that [he] made a mistake but that [he] violated the agreement to arbitrate.'" Id. (quoting Wise v. Wachovia Sec., LLC, 450 F.3d 265, 269 (7th Cir. 2006)). Plaintiff does not argue that the arbitrator violated the agreement to arbitrate, only that he made "legal oversights" in the arbitration. See Motion at 5. This does not establish that the arbitrator exceeded his powers for purposes of § 10(a)(4). See Gherardi, 975 F.3d at 1238.

For all the reasons discussed above, Plaintiff's arguments do not provide a basis for vacating the arbitrator's award. Plaintiff's Motion is thus due to be denied. Accordingly, it is

---

decision does not affect the result.

**ORDERED:**

1. Plaintiff's Motion to Strike Defendants' Response in Opposition to Plaintiff's Amended Motion to Vacate Arbitration Award and Set Case for Judicial Review and to Plaintiff's Motion for Oral Argument from Record (Doc. 59) is **DENIED**.

2. Plaintiff's Amended Motion to Vacate Arbitration Award and Set Case for Judicial Review (Doc. 54) is **DENIED**.

3. Plaintiff's Motion for Default Judgment for Respondent's [sic] Failure to Respond to Plaintiff's Motion to Vacate Arbitration Award (Doc. 58) is **DENIED as moot**.

4. Defendant's Motion to Strike Plaintiff's "Reply" to Defendant's Response in Opposition to Plaintiff's Amended Motion to Vacate Arbitration Award and Set Case for Judicial Review and to Plaintiff's Motion for Oral Argument (Doc. 61) is **DENIED as moot**.

5. The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendant, terminate all pending motions as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on April 23, 2024.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc31

Copies to:

Counsel of Record

Pro Se Parties